JERRY S. BUSBY
Nevada Bar #001107
POOJA KUMAR
Nevada Bar #012988
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
 (702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
pkumar@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DENEEL ELAINE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC., a Foreign Corporation, d/b/a Smith's Food & Drug #319; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-01431-JAD-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[FIRST REQUEST]** |

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order must… be supported by a showing of good cause for the extension").

The Parties in this case have been working diligently to gather medical records, conduct depositions, and engage in other meaningful discovery.  However, there have been two key events that have hindered this process.  First, Plaintiff recently disclosed medical records from two new providers, one of which is related to the subject incident.  This included the disclosure of more medical specials as well.  As a result, Defendant SMITH'S is working to obtain those medical records, as well as medical records from Plaintiff's previous providers for treatment related to the subject incident.

Second, Defendant SMITH'S has been working with its employees to set up depositions, but availability has not coincided with that of Plaintiff's counsel.  Therefore, the previously set deposition of

a key employee was vacated and is awaiting rescheduling. In order to allow the Parties to conduct meaningful discovery to prepare for trial, the instant Stipulation has been entered into and agreed to by all Parties to request an additional ninety (90) days to conduct vital discovery. This is the first such Stipulation sought by the Parties.

**IT IS HEREBY STIPULATED** by and between Plaintiff DENEEL ELAINE BROWN (hereinafter "Plaintiff"), by and through her counsel of record, BOYD B. MOSS, ESQ. and JOHN C. FUNK, ESQ. of the law firm of MOSS BERG INJURY LAWYERS, and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), by and through its counsel of record, JERRY S. BUSBY, ESQ. and POOJA KUMAR, ESQ. of the law firm of COOPER LEVENSON, P.A., that all deadlines be extended by sixty (60) days, as set forth below, to allow the Parties to complete necessary discovery prior to trial.

I.   **STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED**

To date, the Parties have completed the following discovery:

- Plaintiff has served her FRCP 26(a)(1) initial disclosure statement and one supplement thereto.
- SMITH'S has served its FRCP 26(a)(1) initial disclosure statement.
- SMITH'S propounded written discovery requests upon Plaintiff pursuant to Fed. R. Civ. P. 33, 34, and 36.
- Plaintiff responded to SMITH'S propounded written discovery requests.
- The Parties have been collecting Plaintiff's relevant medical records.
- SMITH'S has taken the deposition of Plaintiff.
- The Parties have worked to procure availability for relevant percipient employee witnesses of SMITH'S.
- The Parties have met and conferred in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.

II.   **SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The Parties have yet to complete the following discovery:

- The Parties continue to collect Plaintiff's relevant medical records.
- Plaintiff will take the depositions of percipient employee witnesses of SMITH'S.

- Plaintiff will propound written discovery upon SMITH'S.
- Plaintiff will take the deposition of SMITH'S Fed. R. Civ. P. 30(b)(6) representative(s).
- The Parties intend to retain and designate initial and rebuttal expert witnesses.
- The Parties intend to conduct a site inspection of the area where the subject incident occurred.
- The Parties intend to conduct the depositions of Plaintiff's key medical providers.
- The Parties intend to conduct the depositions of all disclosed expert witnesses.
- SMITH'S will assess the need for and request a Fed. R. Civ. P. 35 examination of Plaintiff.
- The Parties will assess the need for and, if appropriate, propound additional written discovery requests.
- The Parties intend to serve supplemental responses to written discovery and supplements.
- The Parties will assess the need for additional discovery and conduct same accordingly.

### III.   REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER

Since the commencement of discovery, the Parties have been working amicably together to gather relevant documents, issue necessary discovery, and depose necessary parties and witnesses. However, due to the availability of the responding manager in the subject incident, the key employee deposition has been pushed back. Plaintiff's counsel has graciously vacated the deposition that was set for that key employee, and the Parties are working to set a new deposition.

Additionally, Plaintiff recently disclosed medical records from two different, previously undisclosed providers, and Plaintiff's damages have increased as a result. SMITH'S is working to obtain necessary authorizations for these providers, as well as for other relevant providers of Plaintiff, to fully assess damages in this case. Further, following Plaintiff's recent deposition, Plaintiff revealed that she has been recommended for future medical treatment, necessitating a Rule 35 examination of Plaintiff by SMITH'S retained expert.

The Parties have worked in good faith to avoid disruption to the applicable Discovery Plan and Scheduling Order issued by this Court. However, due to the aforementioned issues, the Parties respectfully request an additional ninety (90) days to complete adequate and vital discovery to prepare for trial.

NG-C2N3CBX6 4893-8733-7394.1

IV. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines in this case be continued ninety (90) days from their present deadlines, as follows:

1. **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended ninety-one (91) days from its present deadline of June 10, 2024, to **September 9, 2024**.

2. **Amending the Pleadings and Adding Parties**: The Parties acknowledge that the deadline to amend pleadings and add parties has passed. As such, the Parties do not request an extension of this date.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties jointly propose that the initial expert disclosure deadline be extended ninety (90) days from its present deadline of April 11, 2024, to **July 10, 2024**; and the rebuttal expert disclosure deadline be extended ninety-one (91) days from its present deadline of May 13, 2024, to **August 12, 2024**.

4. **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended ninety (90) days from its present deadline of July 10, 2024, to **October 8, 2024**.

5. **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for August 9, 2024, be extended ninety (90) days to **November 7, 2024**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on dispositive motions or until further Order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7. **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration,

and/or an early neutral evaluation.  The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following additional or completion of discovery.

8. **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and, at present, do not consent to either alternative form of case disposition.

9. **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system.  At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**IT IS SO STIPULATED.**

DATED this 27th day of March, 2024.

| MOSS BERG INJURY LAWYERS | COOPER LEVENSON, P.A |
|---|---|
| /s/ Boyd B. Moss<br>BOYD B. MOSS, ESQ.<br>Nevada Bar No. 8856<br>4101 Meadows Lane, Suite 110<br>Las Vegas, Nevada 89107<br>(702) 222-4555<br>Attorneys for Plaintiff<br>DENEEL ELAINE BROWN | /s/ Pooja Kumar<br>JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 1107<br>POOJA KUMAR, ESQ.<br>Nevada Bar No. 012988<br>3016 West Charleston Boulevard - #195<br>Las Vegas, Nevada 89102<br>Attorneys for Defendant<br>SMITH'S FOOD & DRUG CENTERS, INC. |

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED:   3-28-24

NG-C2N3CBX6 4893-8733-7394.1